# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

IN THE MATTER OF: ) CHAPTER 13
   WILLIE LAWRENCE HUDSON, ) CASE NO:
      DEBTOR(S) )

## CHAPTER 13 PLAN AND MOTION
(General Order 2005-3 Approved Form)

1. Debtor(s) shall pay to the Trustee the sum of **$ 300.00 per month** for the applicable commitment period of:
   \_\_\_\_60 months; or     (If applicable include the following): These plan
   XX a minimum of 36 months. § 1325(b)(4).     change to $\_\_\_\_\_ monthly on _____, 2015.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of **$ 1,750.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) \_\_Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim):

   | CREDITOR | MONTH OF 1st TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|
   | | | |

   **IN THE ALTERNATIVE:**

   **X** Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | 21ST CENTURY MORTGAGE | $706.00 DUE 6/1/2015 |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | EST. CLAIM | INT. RATE | PAYMENT |
   |---|---|---|---|---|
   | WESTLAKE FINANCIAL | MOTOR VEHICLE | $5,705.00 | 5% | MIN OF $108.00 |
   | TITLEMAX (ALL ACCTS) | MOTOR VEHICLES | $3,079.00 | 5% | MIN OF $57.00 |
   | AUTO MONEY TITLE PAWN | MOTOR VEHICLE | $1,495.00 | 5% | MIN OF $29.00 |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUE | INT. RATE | PAYMENT |
   |---|---|---|---|---|
   | MCDUFFIE REGIONAL MEDICAL CENTER | PERSONAL PROPERTY/ REAL ESTATE/JUDGMENT | -0- | | |

   (g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

   | CREDITOR | ESTIMATED PREPETITION CLAIM |
   |---|---|
   | 21ST CENTURY MORTGAGE | $706.00 |

(h) The following unsecured allowed claims are classified to be paid at 100% with interest at - 0 - % OR _____ without interest.

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a 0% dividend or a prorata share of $_____, whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:      _____ Direct to the Creditor; or      __X__ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| WESTLAKE FINANCIAL | $50.00 |
| TITLEMAX (ALL ACCTS) | $25.00 |
| AUTO MONEY TITLE PAWN | $10.00 |

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|
|  |  |

5. Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|
| MCDUFFIE REGIONAL MEDICAL CENTER | JUDGMENT LIEN |

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| UNITED CONSUMER FINANCIAL | VACUUM CLEANER | IN FULL SATISFACTION OF DEBT |

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions:
   1) DEBTOR TO PAY 36 MONTHS OR A 0% DIVIDEND TO UNSECURED CREDITORS, WHICHEVER COMES LATER.
   2) UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.

9. The amount, and secured or unsecured status, of claims disclosed in the Plan are based upon debtor's best estimated and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date: 5/7/15

WILLIE LAWRENCE HUDSON